# GOYCO

*v.*

# RUSSELL & COMPANY.

---

San Juan, Law, No. 1406.

### ALLEGATIONS IN EJECTMENT.

Reivindicación—Ejectment.
    1. The Code of Civil Procedure does not mention reivindicación, but the Porto Rican courts presume the survival of this form of

Goyco v. Russell & Co.

action. The Code of Civil Procedure is based upon American law and presupposes ejectment, in which right of immediate possession is required. Such right must be alleged in the Porto Rico Federal court.

Joinder—Possession and Fruits.

2. The requirement that causes of action must be separately stated does not forbid the joinder of real property and damages.

Damages—Bad Faith.

3. An allegation that the defendant is in possession without any title or right is equivalent to an allegation of bad faith.

Opinion filed January 17, 1921.

_____

*Messrs. Frazer & Toro* for demurrer.

*Mr. Poventud* for plaintiffs.

HAMILTON, Judge, delivered the following opinion:

This is a suit brought in a local court for "reivindicación" of 6 acres of land near Caguas. The case was removed to the Federal court by the defendant. The complaint has been translated, but not reformed in any way. The demurrer has been filed to it by the defendant on the ground, first, that there is no allegation of right to immediate possession by the plaintiff, and second, that there is an improper union of demand for immediate possession and that for $8,000 fruits, rents, and profits.

1. Under the Porto Rican Civil Code, §§ 354–356, the action of "reivindicación" may be brought by the owner, having immediate dominion, against a possessor. The proceeding has been found to be analogous to what is called ejectment, in its modern form, for title as well as possession, by the supreme

court of Porto Rico in such cases as Servants of Mary v. May, 17 P. R. R. 697. It is distinguished from "deshaucio" or unlawful detainer. In the latter it is not necessary to allege ownership. Ibid. The demurrer brings up the question whether it is necessary to allege that the plaintiffs are entitled to immediate possession when the action is brought in the Federal court, this not being necessary when it is brought in the local court. What should be the rule in this regard under the Revised Statutes, § 914, Comp. Stat. § 1537, 6 Fed. Stat. Anno. 2d ed. p. 21, requiring that proceedings at law must conform as near as may be to the local proceedings and forms of procedure?

The courts of Porto Rico seem to treat "reivindicación" as still existing despite the fact that the Code of Civil Procedure subsequently adopted in 1904 says nothing about it. This is a matter for local determination, and this court will follow the local decisions. But it may well be that the Code of Civil Procedure makes additions to the forms by which the right of reivindicación may be prosecuted. The Code of Civil Procedure does not mention ejectment as such any more than it mentions reivindicación, but it is based upon the common-law procedure in which ejectment is a familiar action. The object of all pleading is to obtain certainty in the issue, and if, as is conceded, the right of reivindicación applies to a plaintiff who has the right of immediate possession, and is limited to the plaintiff who has the right of immediate possession, there can be no error if the court provides that this implication be made express in the pleadings. It would certainly conform to the general American practice and would do no harm to plaintiffs. The demurrer therefore is sustained as to this point.

Goyco v. Russell & Co.

United States v. St. John's Gas Co. 5 Porto Rico Fed. Rep. 174.

2. It does not appear that several causes of action have been improperly united because the complaint contains a prayer for possession and for $8,000 fruits. The Code of Civil Procedure, § 105 (subdivision 8) requires that the cause of action must be separately stated, but this refers to the several different causes of action such as are mentioned in § 104. Section 104 itself permits joinder of a claim for real property with damages, so that there can be no impropriety in doing what the Code permits. The demurrer is overruled as to this point.

3. The argument has gone further and raises the point that no damages can be claimed unless the defendant is alleged to be in possession in bad faith. Civ. Code, §§ 453–457. The doctrine is that possession is supposed to be in good faith unless otherwise alleged (Civ. Code, § 437), but in the complaint at bar it is specially alleged that the defendant possesses without any title or right. This is equivalent to an allegation of bad faith. It is not necessary to use the words "good faith" or "bad faith" if the thing described otherwise appears. There is no magic in the expression itself. "Bad faith" is where one has no legal claim, and the complaint itself alleges that such is the case. It would seem, therefore, that this and other arguments in the case are inapplicable or unnecessary as not being within the issues raised by the demurrer. The demurrer is, therefore, sustained as to the first count and overruled as to the second.

It is so ordered.